UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Lamar Dobbins, | ) |
|            Plaintiff, | ) Civil Action No. 6:20-3018-BHH |
| vs. | ) **ORDER AND OPINION** |
| The State of South Carolina; County of Greenville; 13th Judicial Circuit Court of General Sessions; Clerk of Court Paul Wickensiemer; Letitia Verdin;  Charles B. Simmons, Jr.; Elizabeth Gary; Chris Fedalei, | ) |
|            Defendants. | ) |

This matter is before the Court upon Plaintiff Cedric Lamar Dobbins' ("Plaintiff") *pro se* complaint, which alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 21, 2020, the Magistrate Judge issued a proper form Order giving Plaintiff until October 13, 2020, to bring the case into proper form for evaluation and possible service of process. (ECF No. 9.) In that Order, Plaintiff was warned that failure to provide the necessary information within the timetable set forth would subject the case to dismissal. Plaintiff failed to comply with that Order.

On December 3, 2020, the Magistrate Judge issued a report and recommendation ("Report") recommending that this action be dismissed *with prejudice* and without leave for further amendment in accordance with Federal Rule of Civil Procedure 41. (ECF No. 19.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. (*Id.* at 9.) Plaintiff filed no objections and the time for doing so expired on December 20, 2020. (*See id.* (noting objections were due by December 17, 2020, with an additional three days to be

added if served by mail).)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court ADOPTS the Magistrate Judge's Report (ECF No. 19) and DISMISSES this action, *with prejudice*, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 24, 2022
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.